# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL KEVIN MEADE,**

    **Petitioner,**

**v.**
                            **Civil action no. 1:05cv48**
                            **Criminal action no. 1:03cr32**
                            **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On March 16, 2005, pro se petitioner Michael Kevin Meade filed a motion pursuant to 28 U.S.C. §2255 to vacate, set aside or correct his sentence. The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.15. On September 19, 2005, Magistrate Judge Kaull issued a Report and Recommendation recommending that the Court deny the petitioner's §2255 motion because nothing in the record demonstrates that the petitioner was coerced into pleading guilty. With respect to the petitioner's allegation of ineffective assistance of counsel, Magistrate Judge Kaull found that the petitioner's allegations did not reveal any plain error by counsel meeting the two-part analysis set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). He further found that the petitioner did not allege that he would have proceeded to trial,

but for his attorney's errors as required by Hill v. Lockhart, 474 U.S. 52, 59 (1985).

The Report and Recommendation specifically warned Meade that his failure to object to Magistrate Judge Kaull's recommendation would result in the waiver of his appellate rights on this issue. Nevertheless, Meade has not filed any objections.[1]

Consequently, the Court **ADOPTS** the Report and Recommendation in its entirety and **ORDERS** Meade's case **DISMISSED WITH PREJUDICE** and stricken from the Court's docket.

It is so **ORDERED**.

The Clerk is directed to mail a copy of this Order to the petitioner.

Dated: October 4, 2005.

Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] Meade's failure to object to the Report and Recommendation not only waives his appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

2